IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIO RUIZ TAPIA,

                      Petitioner,

v.

WARDEN E. EMMERICH,

                      Respondent.

OPINION and ORDER

25-cv-668-jdp

---

Petitioner Mario Ruiz Tapia, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Ruiz Tapia contends that he is entitled to First Step Act time credits that would entitle him to immediate release, but that BOP officials refuse to apply those credits. Because Ruiz Tapia is the subject of a final order of removal, I will deny the petition.

BACKGROUND

Petitioner Mario Ruiz Tapia is a citizen of Mexico. On December 4, 2013, an immigration judge ordered Ruiz Tapia removed to Mexico. Later that month, Ruiz Tapia was removed from the United States. At some point later, he re-entered the United States.

Ruiz Tapia is serving a 52-month sentence in the District of Colorado for distributing cocaine. *United States v. Ruiz-Tapia*, Case No. 22-cv-167 (D. Colo.). Ruiz Tapia is incarcerated at FCI-Oxford and has a release date of February 1, 2026. He has earned 195 days of First Step Act time credit that, if applied, that would result in his immediate release and placement on supervised release.

But the Bureau of Prisons will not apply Ruiz Tapia's credits, stating that he is subject to a final order of removal. In June 2024, after learning that Ruiz Tapia was incarcerated at

FCI-Oxford, the Department of Homeland Security sent an immigration detainer to the BOP stating that there was probable cause to believe that Ruiz Tapia was subject to a final order of removal. On September 9, 2025, DHS served a notice of intent to reinstate the 2013 removal order on Ruiz Tapia, which he refused to sign. Dkt. 10-8. Later that day, a supervisory immigration officer reviewed the evidence and the administrative file and reinstated the 2013 removal order. *Id.*

## ANALYSIS

The First Step Act contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). But the First Step Act prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Ruiz Tapia's 2013 order of removal hadn't yet been reinstated when he filed this habeas petition; it was reinstated during the briefing of his petition. Ruiz Tapia argues that this reinstatement came too late, because by the filing of his petition he had already accrued enough credits for his release. But courts addressing this argument have rejected it, stating that the plain language of the First Step Act precludes application of earned credits once a final order of removal is reinstated, even after a habeas petition was filed. *See, e.g., Becerra v. Birkholz*, No. 2:24-CV-4273, 2025 WL 898062, at *5 (C.D. Cal. Feb. 14, 2025), *report and recommendation adopted*, 2025 WL 896441 (C.D. Cal. Mar. 24, 2025); *Albarran v. Boncher*,

2

No. CV 22-11777, 2023 WL 3435553, at *3 (D. Mass. May 11, 2023). And in other circumstances, prisoners don't have a vested right to application of First Step Act credits earned before a final order of removal. *See, e.g.*, *Manfredo Martinez v. Emmerich*, No. 25-cv-158-jdp, 2025 WL 2576372, at *1 (W.D. Wis. Aug. 21, 2025) (rejecting argument that BOP should apply First Step Act time credits earned before final order of removal was reinstated). I conclude that I cannot order the BOP to apply Ruiz Tapia's credits now that the final order of removal has been reinstated.

Ruiz Tapia alternatively argues that the reinstated order of removal isn't yet "final" because he is challenging the reinstatement in the court of appeals. *See* Dkt. 13-1; *see also Ruiz Tapia v. Bondi*, Case No. 25-2728 (7th Cir.). Ruiz Tapia cites 8 U.S.C. § 1231(a) for that proposition, but that statute doesn't contain any provision supporting his argument. Rather, in streamlined immigration proceedings like this reinstatement, "the order becomes final immediately upon issuance." *Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025). So I reject Ruiz Tapia's argument about the finality of the reinstatement order, and I will deny his habeas petition.

ORDER

IT IS ORDERED that:

1. Petitioner Mario Ruiz Tapia's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered October 27, 2025.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge